UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW IZEH,

                              Plaintiff,

                    -against-

OFFICER BOY'LS, NEW ROCHELLE
POLICE, et al.,

                              Defendants.

22-CV-9299 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se*, was detained in the Vernon C. Bain Center on Rikers

Island when he filed this action under 42 U.S.C. § 1983. He asserts that Defendants violated his

constitutional rights in New Rochelle, New York, and Teaneck, New Jersey. By order dated

December 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) severs the

claims arising from events that allegedly occurred in Teaneck, New Jersey, and transfers them to

the United States District Court for the District of New Jersey; (2) dismisses Plaintiff's claims

arising from the events that allegedly occurred in New Rochelle, New York; and (3) dismisses

Plaintiff's challenge to his level 3 sex offender status under the New York Sex Offender

Registration Act.

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

---

        [1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

2

**BACKGROUND**

Plaintiff brings claims arising out of his arrests and criminal proceedings in New Rochelle, New York, and Teaneck, New Jersey. He sues (1) Officer Boy'ls, a Sergeant in the New Rochelle Police Department ("NRPD"); (2) the Chief of Police of the NRPD; (3) Judge Anthony Carbon of the New Rochelle City Court; (4) Thomas Jibudi, the attorney who represented him in proceedings before the New Rochelle City Court; and (5) the Chief of Police of the Teaneck Police Department.

The following assertions are taken from the complaint. In 2014, at a Chase Bank in New Rochelle, Plaintiff was arrested and charged with "forcible touch" of a "grown woman" at least 40 years old, which he claims is normally a misdemeanor charge for which a defendant can plead guilty and receive 30-days' imprisonment. (ECF 1, at 7.)[2] Plaintiff was subjected to criminal proceedings and, although there was no complaining witness, the case was not dismissed. To get out of jail and return to work, Plaintiff pleaded guilty and received six-months' imprisonment. He was designated as a sex offender, and was later assessed a level 3 risk factor under the New York Sex Offender Registration Act. Plaintiff asserts that the offense for which he was convicted "should not [have] carr[ied] a sex offender registration risk factor of 3" because it did not involve a minor, and that the designation was unlawful. (*Id.* at 9.)

In 2013 or 2014, Plaintiff was "hanging out" with his girlfriend in a field in Teaneck, New Jersey. (*Id.* at 10.) They were alone and proceeded to have sex. A police officer from the Teaneck Police Department arrested and transported Plaintiff to the Bergen County Jail, where he was charged with rape. Although a minor was not involved – Plaintiff's girlfriend was 45

---

[2] The Court quotes from the amended complaint and other documents verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

years old at the time – Teaneck officials tried "to put a minor in [Plaintiff's] rap sheet." (*Id*.). The rape charge against Plaintiff was later dismissed. Plaintiff asserts that he was falsely arrested and he seeks damages.

Plaintiff claims that both cases injured him, because unidentified persons are reporting him as "a (1) thief[,] (2) rapist, (3) high risk factor to the society [,] [and] (4) dangerous to the society." (*Id*. at 9.) He asserts that it is not right that he is being stigmatized. Plaintiff alleges that he is an engineer with a doctorate degree in applied science in both mechanical engineering and systems engineering and that he served in the United States Navy on the USS *Bainbridge* DDG 96 in Norfolk, Virginia. He seeks compensation for the alleged violations.

According to publicly available records, maintained by the New York State Division of Criminal Justice Services ("DCJS"), on June 18, 2015, Plaintiff was arrested for the crime of forcible touching, a misdemeanor in violation of N.Y. Pen. L. § 130.52, and on January 13, 2016, he was convicted and sentenced to six months in jail.[3]

## DISCUSSION

### A.    Claims arising in Teaneck, New Jersey

Plaintiff asserts claims arising from events that allegedly occurred in Teaneck, New Jersey, which is in Bergen County. He has alleged no facts, however, showing why this court is a proper venue for those claims. Under 28 U.S.C. § 1391(b), a federal civil action may generally be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[3] *See* DCJS, https://www.criminaljustice.ny.gov/SomsSUBDirectory/offenderDetails (last visited Mar. 28, 2023).

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who is currently a resident of the Bronx, New York, sues the Chief of Police of the Teaneck Police Department for allegedly falsely arresting him in 2013 or 2014, after which the charges were subsequently dismissed. He does not, however, plead the residence of this defendant, asserting only that the alleged events giving rise to his claims occurred in Bergen County, New Jersey, which is within the federal judicial district of the District of New Jersey. *See* 28 U.S.C. § 110. Because Plaintiff's Bergen County arrest took place outside of the Southern District of New York, venue for his claims arising from those alleged events is not proper in this court under Section 1391(b)(2). As the events underlying those claims occurred in New Jersey, under Section 1391(b)(2), the District of New Jersey is proper venue for any claims Plaintiff may have arising from those events. Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff's claims in this action arise from two separate incidents. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all

Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)") (internal quotation marks and citation omitted, alteration in original). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Under Rule 21, the Court hereby severs Plaintiff's claims arising from events that allegedly occurred in New Jersey, including Plaintiff's claims against the Chief of Police of the Teaneck Police Department, and transfers those claims to the United States District Court for the District of New Jersey under § 1406(a).

**B.      Claims arising in New Rochelle, New York**

Plaintiff seeks to bring claims under 42 U.S.C. § 1983, arising out of events that occurred in New Rochelle, New York. Section 1983 provides redress for deprivations of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.      Plaintiff may not seek damages for claims that were filed beyond the statute of limitations for Section 1983 claims**

It appears that Plaintiff's Section 1983 claims arising from his arrest, detention, and prosecution in New Rochelle are time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).

Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under Section 1983 accrues, for example, when the false arrest ends, that is, once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

Plaintiff brings this action asserting claims arising out of his arrest, detention, and prosecution in New Rochelle. He was arrested on June 13, 2015, and was convicted on January 13, 2016.[4] Plaintiff therefore had until some point between June 2018 and January 2019 to file a timely action regarding those claims. Plaintiff's complaint, which was delivered to prison officials for mailing on October 24, 2022, was filed more than three years and nine months beyond the expiration of the limitations period.[5]

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard,

---

[4] Plaintiff asserts that these events occurred in 2014, but according to the DCJS's Sex Offender Registry, the crime was committed on June 18, 2015, and he was convicted on January 13, 2016.

[5] Under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing. *See Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001).

however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

It is clear that Plaintiff filed his claims well beyond the expiration of the applicable statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies but, as discussed below, Plaintiff fails to state any claim for relief, and therefore, it is appropriate to dismiss his untimely claims.

2.    **Plaintiff does not allege Officer Boy'ls' or Judge Carbon's personal involvement in the alleged violations; Judge Carbon is also entitled to judicial immunity**

Plaintiff's assertions concerning the events occurring in New Rochelle, New York, amount to claims that he was falsely arrested, unlawfully detained, and maliciously prosecuted. He brings those claims against Defendants Officer Boy'ls, the Chief of Police of the NRPD, and Judge Anthony Carbon. Even if Plaintiff's Section 1983 claims against these defendants had been asserted in a timely fashion, they would have to be dismissed because he does not allege any facts showing that these individual defendants violated his federal constitutional rights.

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Officer Boy'ls and Judge Carbon were personally involved in the events underlying his claims. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted.[6] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[6] The Court notes that Plaintiff does not allege any facts suggesting viable false arrest, unlawful detention, or malicious prosecution claims. To state a claim for false arrest and imprisonment under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). Plaintiff does not allege facts indicating that the police officers who arrested him for forcible touching lacked probable cause or otherwise acted unreasonably or in the absence of good faith when they arrested him. He also does not allege any facts suggesting that he was unlawfully detained without probable cause.

Plaintiff's malicious prosecution claim is also deficient. To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Thus, because favorable termination is an element of a malicious prosecution claim, a plaintiff who has been convicted and seeks to recover damages under Section 1983 for malicious prosecution must show that his conviction terminated in his favor by alleging that the conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that Section 1983 actions are "barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration") (italics in original) (citing *Heck*, 512 U.S. at 486-87). Because success on Plaintiff's malicious claim would necessarily imply the invalidity of his conviction – and he does not assert that his conviction has been overturned or otherwise invalidated – *Heck*'s favorable termination rule bars his malicious prosecution claim for damages and equitable relief.

Furthermore, under the doctrine of judicial immunity, judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, " [w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). As Plaintiff does not allege any facts showing that Judge Carbon did anything to violate his rights, much less acted beyond the scope of his judicial responsibilities or outside his jurisdiction, Judge Carbon is entitled to judicial immunity for his conduct in proceedings in the New Rochelle City Court. *See Mireles*, 509 U.S. at 11-12.

### 3.   Plaintiff may not bring Section 1983 claims against his former defense attorney

Plaintiff also brings claims against Thomas Jibudi, the attorney who represented him in his criminal proceedings. Even if Plaintiff's assertions were timely, he could not state a viable claim against this defendant under Section 1983.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or

interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983).

As Defendant Jibudi is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. Plaintiff's claims against Defendant Jibudi must be dismissed for failure to state a claim. *See* § 1915(e)(2)(B)(ii).

**C.    Plaintiff's challenge of the application of the New York Sex Offender Registration Act to him**

Plaintiff's assertions suggest that he seeks relief from his designation as a level 3 sex offender under the New York Sex Offender Registration Act ("SORA"), N.Y. Corr. L. § 168 *et seq*.[7] He appears to challenge his level 3 classification as unlawful, asserting that because the

---

[7] SORA was enacted in 1995 to protect the public from "the danger of recidivism posed by sex offenders." 1995 N.Y. Sess. Laws ch. 192, § 1 (effective Jan. 21, 1996); *see Doe v. Pataki*, 481 F.3d 69, 70 (2d Cir. 2007) ("[SORA] aims to protect members of the public, especially vulnerable populations, from sex offenders by notifying them of the presence of sex offenders in their communities and to enhance law enforcement authorities' ability to investigate and prosecute sex offenses.") (citation omitted). Under SORA, a "sex offender," which is anyone convicted of a "sex offense" or "sexually violent offense" as those terms are defined in the statute, N.Y. Corr. L. § 168-a(1), is required to register with the New York State Division of Criminal Justice Services ("DCJS"), *id*. § 168-f.

Before an individual designated as a sex offender is released from custody, the New York State Board of Examiners of Sex Offenders ("Board") makes a recommendation to the sentencing court concerning the appropriate risk level designation for the offender; the sentencing court then holds a "SORA hearing" to classify the person's risk of recidivism. *Id.* §§ 168-l, 168-n; *see Yunus v. Robinson*, No. 17-CV-5839, 2018 WL 3455408, at *2 (S.D.N.Y. June 29, 2018), *report and recommendation adopted*, 2019 WL 168544 (S.D.N.Y. Jan. 11, 2019). A person can be classified as a level one, level two, or level three sex offender, with level one considered the lowest risk for recidivism. N.Y. Corr. L. § 168-n(2).

offense for which he was convicted – a misdemeanor offense of forcible touching in violation of N.Y. Pen. L. § 130.52 – did not involve a minor, he "should not [have] carr[ied] a sex offender registration risk factor of 3." (ECF 1, at 9.) Plaintiff also seemingly claims that designating him as a level 3 sex offender and requiring him to register violates his rights because it wrongfully stigmatized him.[8] Like his other claims, Plaintiff's SORA claims appear to be untimely, as they were filed beyond the three-year statute of limitations period applicable to such claims. Further, even if the claims were timely, this Court does not have jurisdiction to review Plaintiff's sex offender designation.

To the extent Plaintiff is attempting to challenge the risk level assigned to him as a result of the state court's SORA hearing, such a challenge is precluded by the *Rooker-Feldman* doctrine. Under that doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – federal district courts lack authority to review final state court orders and judgments where the federal court plaintiff seeks relief that invites the federal court to reject or overturn the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases.") (citing 28 U.S.C. § 1257). There are four

---

After the initial SORA hearing, an individual designated as a sex offender may petition the state court for "an order modifying the level of notification." *Id*. § 168-o(2). The sex offender also has the right to appeal from the sentencing court's determination. *Id*. § 168–n(3). Upon registration of the sex offender, the information is disseminated by DCJS to local law enforcement agencies. *Id*. § 168–1(6).

[8] Level one offenders must register annually for 20 years, and level two and three offenders must register for life. N.Y. Corr. L. 168-h(1)-(2).

requirements for application of the doctrine: (1) the plaintiff lost in state court; (2) the plaintiff

complains of injuries caused by a state court judgment; (3) the plaintiff invites district court

review and rejection of the state court judgment; and (4) the state court judgment was rendered

before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks

and citation omitted).

Here, to the extent Plaintiff is seeking reversal of the state court's determination of his

risk level assessment after his SORA hearing, the claim is precluded by the *Rooker-Feldman*

doctrine. Plaintiff lost in the state court proceeding that was commenced prior to the filing of this

action. The injury of which he complains, the determination that he is a level 3 offender, was the

result of the SORA hearing. Plaintiff seeks reversal of that determination by this Court, but such

a challenge is precluded by the *Rooker-Feldman* doctrine. *See Spiteri v. Russo*, No. 12-CV-2780,

2013 WL 4806960, at *13 (E.D.N.Y. Sept. 7, 2013) (finding that *Rooker-Feldman* barred

challenge to risk level classification made during SORA hearing, but did not apply to claims

relating to designation as a sex offender, which automatically followed from conviction);

*Zuneska v. Cuomo*, No. 12-CV-949, 2013 WL 431826, at *1 (E.D.N.Y. Feb. 1, 2013) (holding

that plaintiff's challenge to his SORA designation was precluded by *Rooker-Feldman*); *Myers v.

Sperazza*, No. 11-CV-292, 2012 WL 6690303, at *2 (W.D.N.Y. Dec. 21, 2012) (challenge to

state court's determination that plaintiff is a level 3 offender precluded under *Rooker-Feldman*).

As Plaintiff's application for federal review of his SORA hearing meets all four elements of the

*Rooker-Feldman* doctrine, this Court has no jurisdiction of Plaintiff's claim concerning his level

3 sex offender risk level.

**D.    State Law Claims**

Plaintiff's assertions may implicate claims under state law. Under 28 U.S.C.

§ 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction

of state law claims once it has dismissed all of the federal claims of which it had original

jurisdiction. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)

("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

Having dismissed the federal claims over which the court has original jurisdiction, the Court

declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be

asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of

Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### E.    Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

The Court severs, under Rule 21 of the Federal Rules of Civil Procedure, Plaintiff's

claims arising from events that occurred in New Jersey, including Plaintiff's claims against the

Chief of Police of the Teaneck Police Department, and transfers these claims to the United States

District Court for the District of New Jersey under 28 U.S.C. § 1406(a).

The Court dismisses the remaining claims as time barred. The Court also dismisses

Plaintiff's claims against Officer Boy'ls, the Chief of Police of New Rochelle Police

Department, Judge Anthony Carbon, and Thomas Jibudi for failure to state a claim. *See* 28

U.S.C. § 1915(e)(2)(B)(ii). The Court further dismisses Plaintiff's claims relating to the New York Sex Offender Registration Act for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    May 31, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge